FIGUEROA, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 433.—Decided December 9, 1919.

RECORD OF TITLE—SEGREGATION—RENUNCIATION OF RIGHTS.—A and B purchased two lots from C out of a property which C sold later to D with the descrip-

tion given to it before the segregation of the said two lots marked *b* and *c*. A presented his deed in the registry accompanied by an instrument wherein D acknowledged that although from his deed it appeared that he had purchased the whole property, the fact was that his acquisition did not include said lots *b* and *c*, which had been segregated previously and sold to A and B, which fact he wishes to make known for all lawful purposes as well as that he did not oppose the recording of their lots in the registry by A and B. An appeal having been taken from the decision of the registrar refusing to record lot *b*, it was held that the instrument signed by D is a renunciation of rights by the acknowledgment of a previous sale and such renunciation is sufficient to justify the record sought.

The facts are stated in the opinion.

Mr. *Andrés Mena* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a deed executed before notary Andrés Mena Latorre on August 3, 1917, the owners of a property of 652.59 square meters, which was recorded in the Registry of Property of Caguas, segregated from it two parcels which they designated as lots B and C and sold lot B and a house to Zoilo Figueroa and lot C to Ramón R. Roldán.

By another deed executed before the same notary on April 13, 1919, Félix Pérez López recited that by a deed of February 10, 1918, he purchased the property of 652.59 square meters to which we have referred, and that although it appears from the deed that he had purchased the whole property, the fact was that his purchase did not include the lots B and C which had been segregated previously and sold to Zoilo Figueroa and Ramón R. Roldán, wherefore, as an explanation and ratification, he set forth that fact and desired it to be so understood for all lawful purposes, as well as the fact that he did not oppose the recording of the lots B and C by the purchasers in their names in the registry of property.

These two deeds having been presented in the registry, the registrar refused to record the purchase of lot B by Figueroa on the ground that the property from which it was segregated was recorded in the name of Félix Pérez López,

a distinct person from the vendors of the lot (art. 20 of the Mortgage Law), and because, although the deed executed by Félix Pérez López was presented as a complementary instrument in order to clear the registry of the obstacle to the recording of the sales, the said deed was not sufficient: (*a*) because while the record remains as it is in the name of Pérez only conveyances of the properties by him can be recorded and it is evident that the so-called deed of explanation and ratification is not a deed conveying the ownership of the property sought to be recorded (art. 20 *supra*); (*b*) because a public instrument is evidence against all persons of the facts which gave rise to its execution and the date thereof, but not against third persons as to the statements made therein by the parties executing it; therefore the statements contained in the said deed of ratification can not affect the rights of the third persons therein mentioned (16 P. R. R. 728); (*c*) because a deed of the ratification of a sale should be executed by all persons interested in the thing sold, but in this deed of explanation none of the persons interested appear and the act of Pérez is superfluous because he was not a party to the deed to be ratified, that is, the deed whose record is denied (22 P. R. R. 159); (*d*) because, articles 77 to 82 and 254 to 264 of the Mortgage Law and the corresponding articles of its regulations prescribe the manner of extinguishing records and rectifying errors therein committed, whether originating in the deed or in the registry, and the parties can not ignore these rules and adopt a different method, as was done in this case, in a manner which is anomalous, confused and without precedent.

From that decision Zoilo Figueroa took the present appeal.

As may be seen, the difficulty in recording the lot purchased by Figueroa is due to his having presented his deed for record after the whole property of 652.59 square meters had been recorded in the name of Pérez, the description of the property purchased by Pérez being given without taking

into account the prior conveyances of segregations therefrom by the vendors.

Although article 20 of the Mortgage Law provides that in order to record a deed conveying or encumbering the ownership or possession of real property or real rights the interest of the person in whose name the conveyance or encumbrance is made must first appear of record; and although in this case the property is not at present recorded in the name of the persons who sold to the appellant the house and lot described under letter B by the deed of August 3, 1917, but in the name of another person; nevertheless, as the object of the said article is to protect the rights of persons who have their titles or rights recorded in the registry, we are of the opinion that the record in the name of Félix Pérez López is no obstacle to the recording of the said deed of sale of August 3, 1917, because from the other deed of April 13, 1919, executed by the present owner who would be prejudiced by the record sought, it appears that he consents to such record, thus renouncing his right which the law undertook to protect. Although that deed is not a conveyance, nevertheless it is recordable in accordance with subdivision 2 of article 2 of the said law, for it contains the extinction of the right of ownership of the said house and lot executed by the person who is the owner according to the registry.

The statements contained in that deed do not prejudice the rights of the third persons therein mentioned, *i. e.*, the former owners of the property, because they conveyed their rights to Zoilo Figueroa by virtue of the contract of sale which they entered into with him for the said house and lot; nor are they necessary parties to the deed of April 13, 1919, for although it is called a deed of ratification of a sale, it is only a deed of renunciation of rights by the acknowledgment of a previous sale.

Neither is it necessary to follow the rules established for extinguishing records and rectifying errors therein committed, because in recording the property in the name of

Félix Pérez López in accordance with his title deed no correctable error was committed; nor is it sought to extinguish the said record, but only to record a previous deed of sale by means of a renunciation which extinguishes the right recorded as regards the acquisition of the appellant, acknowledging him as the present owner of the property and consenting to the record of his title.

For the foregoing reasons the decision appealed from must be reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.